UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WINTERHOLLER,<br><br>Defendant(s). | Case No. 4:20-cr-00034-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Robert Winterholler's motion to correct and reduce sentence to give Winterholler credit for time served. (Dkt. 172.) For the reasons discussed below, the Court grants the motion and reduces Winterholler's term of imprisonment from 96 months to 87 months.

## BACKGROUND

Winterholler was arraigned in this case on January 31, 2020, and was initial ordered detained pending trial. On June 25, 2020, Winterholler was released from custody and placed on pretrial release (Dkt. 63). On March 15, 2021, while on pretrial release, Winterholler was arrested and charged in state court with committing new state crimes. He has been detained since that time. Winterholler is

scheduled for a change of plea and sentencing on the pending state charges on January 10, 2022.

On December 16, 2021, the Court held Winterholler's sentencing hearing in the present case. The pending state charges were discussed and considered during that hearing, including in relation to whether Winterholler should receive an adjustment for acceptance of responsibility. The Court ultimately sentenced Winterholler to a term of imprisonment of 96 months, which the Court determined was the mandatory minimum sentence it could impose. The Court also recommended to the Bureau of Prisons that Winterholler receive credit for all time he spent in federal custody. Further, the Court noted for the record the hope that the state court would either forego prosecution of Winterholler on the pending state charges or, if not, that any sentence on the state charges would run concurrent with the sentence in the present case. The Court also requested that defense counsel in the present case pass on to defense counsel in the state case that this Court strongly encourages that the state and federal sentence run concurrently.

After the Court imposed the sentence of 96 months of imprisonment, but prior to the end of the sentencing hearing, defense counsel alerted the Court that there was a problem regarding Winterholler's receipt of credit for all the time he spent in custody while the charges in the present case were pending. Specifically,

when Winterholler was arrested and detained on the new state charges, his pretrial release in the present case was never revoked. As a result, Winterholler was only in state custody, and was never technically placed back into federal custody, during the time between his arrest on the state charges and the sentencing hearing in the present case. This was new information of which the Court was unaware when it imposed the 96 month sentence.

Because, the Court had anticipated that Winterholler would get credit for the entire time he spent in custody while the present case was pending, and because the Court was unsure of its discretion to go below the mandatory minimum to account for the time Winterholler spent in state custody, the Court stayed imposition of the 96 month sentence and invited defense counsel to file a written motion requesting relief. That motion is now pending before the Court.

## ANALYSIS

Winterholler moves under Federal Rules of Criminal Procedure 35(a) and 36 for the Court to correct and reduce his sentence by 13 months to give him the credit for time served in state custody.

The Court's calculations show that Winterholler spent 4 months and 26 days

in federal custody[1] and 9 months and 2 days in state custody prior to the sentencing in the present case,[2] for a combined time in custody of 13 months and 28 days. When the Court imposed the 96 month sentence, the Court anticipated that Winterholler would be eligible to receive credit for this entire 13 plus months of detention. That turns out not to be true. The Court will therefore exercise its authority under Rules 35 and 36 to correct and reduce Winterholler's sentence.

>Section 5G1.3(d) of the Sentencing Guidelines provides:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

USSG § 5.3(d). The commentary to § 5.3(d) provides the following guidance:

> [I]n an extraordinary case involving an undischarged term of imprisonment under subsection (d), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings.

---

[1] Winterholler was in federal custody from his January 30, 2020, arrest to his release onto pretrial release on June 25, 2020, for a total of 4 months and 26 days.

[2] Winterholler was arrested on the state charges on approximately March 15, 2021, and was sentenced in the present case on December 16, 2021, for a total of 9 months 2 days in state custody.

> Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

USSG § 5.3(d), comment. (n.4(E)).

Here, Winterholler spent a substantial period of time—over 9 months—in state custody while the present case was pending. If, when he went into state custody, his pretrial release in the present case had been revoked, he would be eligible for credit for those 9 months. However, due to the lack of revocation of his pretrial release, he was not in federal custody and is thus not eligible for credit for those 9 months.

The Court finds, under these circumstances, that a 9-month departure in the sentence, from 96 months to 87 months, is appropriate to account for the time Winterholler spent in state custody while the present case was pending. The Court further finds that this 9-month adjustment would result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction. Finally, the Court finds that, under these circumstances, it has the discretion to adjust the sentence below the mandatory minimum of 96 months to account for the time Winterholler served in state custody. *See United States v. Campbell*, 617 F.3d 958, 962 (7th Cir. 2010) (finding that mandatory minimum sentence did not preclude a district court from exercising its discretion to adjust the sentence below the

mandatory minimum to account for time defendant had served on unrelated state sentence).

The Court recognizes that Winterholler requested a 13 month, rather than a 9 month, adjustment. However, because Winterholler is eligible for credit for the over 4 months (almost 5 months) that he spent in federal custody in this case, the Court finds that only an adjustment for the 9 months spent in state custody is appropriate.

## ORDER

**IT IS ORDERED that:**

1. Defendant Robert Winterholler's motion to correct and reduce sentence (Dkt. 172) is **GRANTED**.

2. Defendant's term of incarceration is reduced from 96 months to 87 months.

3. The Court again recommends that Defendant receive credit for the time spent in federal custody in this case.



DATED: December 18, 2021

B. Lynn Winmill
U.S. District Court Judge